## AMORÓS *v.* CIVIDANES.

### APPEAL from the District Court of Humacao.

No. 86.—Decided April 4, 1904.

REAL ESTATE—SUMMARY PROCEEDINGS TO RETAIN OR RECOVER POSSESSION OF —EVIDENCE.—In proceedings to retain or recover the possession of real estate, the evidence should be clearly and exclusively confined to the right of the plaintiff to be in possession of or to hold the property involved in the controversy, and to the fact of his having been disturbed therein or deprived

turbado en ella, ó despojado de dicha posesión ó tenencia, designando en todo caso el autor de la perturbación ó del despojo, sin cuyos requisitos no es posible estimar con lugar el interdicto.

### EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal de Distrito de Humacao sobre interdicto de recobrar la posesión de unos terrenos, entre partes de la una, como demandante Don Pedro Amorós, representado y dirigido en esta Superioridad, primero por el abogado Don Miguel Zavaletas y después por el de la misma clase Don Juan Ramón Ramos, y de la otra, como demandado Don Manuel Cividanes, representado y dirigido por su abogado defensor Don Luciano Ortiz Antón: autos pendientes ante nos á virtud del recurso de apelación interpuesto por la representación del demandante contra la sentencia pronunciada por el referido Tribunal de Distrito, que copiada á la letra dice así:

"*Sentencia.*—En la ciudad de Humacao á cuatro de Abril de mil novecientos tres. *Visto* en juicio oral y público este pleito sobre interdicto de recobrar la posesión de unos terrenos seguido entre partes de la una Don Pedro Amorós, representado por el Letrado Don Miguel Zavaleta, demandante, y de la otra Don Manuel Cividanes, representado por el Letrado Don Luciano Ortiz Antón, demandado.

*Resultando*: que el Letrado Don Miguel Zavaleta á nombre y representación de Don Pedro Amorós, con fecha nueve de Marzo del año corriente, presentó escrito á este Tribunal, consignando que su representado es dueño de la hacienda "Cayures", en cuyas tierras se comprenden unas seis ó siete cuerdas de palmar con pastos, cultivados; que la referida hacienda "Cayures" ha estado siempre en posesión de dicho palmar utilizando sus frutos y pastos, habiéndole adquirido su representado como parte integrante del fundo, de la misma manera que lo adquirieron sus causantes, los Señores Amorós Hermanos de Don Severiano Virella con el detalle significativo de haber sido el nominado Don Mateo Amorós quien hizo la última plantación de cocotero; que Don Manuel Cividanes que administra y rige la contigua hacienda "Mercedes", la cual, por más señas carece de palmar, á principios de Diciembre del año pasado puso ó mejor mandó levantar

of his possession or tenancy, designating in each case the person responsible for such disturbance or dispossession, without which requisites the proceedings will not lie.

## STATEMENT OF THE CASE.

This is a summary proceeding to recover possession of certain lands, instituted in the District Court of Humacao by Pedro Amorós, as plaintiff, represented in this Supreme Court successively by Attorneys Miguel Zavaleta and Juan Ramón Ramos, against Manuel Cividanes, as defendant, represented by Attorney Luciano Ortiz Antón, which case is now pending before us on appeal taken by counsel for the plaintiff from the judgment rendered by the aforesaid district court. Said judgment reads as follows:

"Judgment.—In the city of Humacao, April 4, 1903. An oral and public hearing was had of this summary action to recover possession of certain lands, prosecuted by Pedro Amorós, represented by Attorney Miguel Zavaleta, plaintiff, against Manuel Cividanes, represented by Attorney Luciano Ortiz Antón, defendant.

"Attorney Miguel Zavaleta, on behalf of and as the representative of Pedro Amorós, under date of March 9 of the present year, presented a written statement to this court wherein it was set forth that his client is owner of the estate 'Cayures,' in the lands of which are included some six or seven *cuerdas* of palm-grove and cultivated pasture; that the owner of said estate 'Cayures' has always been in possession of said palm-grove, and enjoyed its fruits and pasture, the property having been acquired by his client as part and parcel of the estate, precisely as his predecessors in interest, Messrs. Amorós Hermanos, had acquired it from Severiano Virella, with the significant detail that it was the said Mateo Amorós who made the last planting of cocoanut-palms; that Manuel Cividanes, who, as manager, has charge of the adjoining estate 'Mercedes,' which, by the way, has no palm-grove, at the beginning of December, last year, erected, or to be more precise, ordered to be erected, a fence enclosing, as if belonging to the estate he manages, one and one-fifth *cuerdas*, which happen to contain the

una empalizada que encierra, como si perteneciera á la hacienda que dirige, una cuerda y veinte centimos de otras, conteniendo cabalmente parte de las palmeras más viejas y gran número de las arraigadas en la insinuada plantación de Don Mateo; que el despojante procede con notoria malicia, supuesto que ya anteriormente intentó poner tal empalizada y requerido la mandó quitar y ahora al reincidir en el despojo, pretexta que la enclava provisionalmente, mientras se deslinda con la "Reunión y "Cayures," á no dudar en la halagüeña esperanza de que permaneciendo el dueño perjudicado en Europa, transcurre el año y un día, y después de aducir como fundamentos de derecho la adquisición de la posesión por título de dominio, el Artículo 448 del Código Civil revisado, la competencia del Tribunal determinada por la radicación del inmueble, la sección 2ª. del título segundo de la Ley de Enjuiciamiento Civil y el Artículo 1656 de la misma, terminó ofreciendo la información testifical, previos los capítulos que al efecto formuló y suplicando al Tribunal que admitida la demanda y practicada la información ofrecida ordenara la celebración del juicio, y á su tiempo declarara con lugar el interdicto, mandando reponer á su representado en la posesión del terreno ameritado, condenando á Don Manuel Cividanes en costas, daños, perjuicios y devolución de frutos, requerido con el apercibimiento procedente.

*Resultando*: que admitida la demanda formulada por providencia del mismo día de su presentación, se mandó practicar la información ofrecida para ello y se libró carta órden al Juez Municipal de Guayama, habiéndose llevado á cabo la referida información mediante los testigos Don Artúro Cintrón Rivera, Don Natividad Cintrón Soto, Don Pedro Diaz Rodríguez y Don Guillermo Morales Lugo, todos mayores de edad, vecinos de Guayama, casados el primero, segundo y cuarto, viudo el tercero, comerciante los dos primeros, propietario el segundo é industrial el cuarto, todos sin tacha legal, quienes examinados bajo juramento manifestaron constarles de ciencia propia los hechos consignados en el interrogatorio propuesto: 1. Ser cierto que Don Pedro Amorós desde que adquirió la hacienda "Cayures" venía poseyendo, cultivando y utilizando los frutos y pastos de un palmar de seis ó siete cuerdas, lindantes por el norte y oeste, con la hacienda "Reunión", por el sur con la zona marítima y el barrio de las Mareas y por el este con la hacienda "Mercedes". 2. Que el palmar descrito lo poseyeron antes sus causantes los Señores Amorós Hermanos como su antecesor Don Severiano Virella Cassagues y su padre, todos los cuales atendieron á su plantación y cultivo, utilizando sus frutos y

oldest palms and a great number of those planted upon the said plantation of Mateo; that the deforciant has acted with evident malice, inasmuch as he had on a previous occasion attempted to build said fence, and, upon being required to do so, ordered the same to be removed, and now, in repeating the deforcement, he pretends that the fence is erected provisionally, until the boundaries with the estates 'Reunion' and 'Cayures' are determined—prompted thereto, no doubt, by the alluring hope, that while the aggrieved owner is absent in Europe, the prescribed period of one year and one day may expire. After adducing as grounds of law the acquisition of possession by dominion title, section 448 of the revised Civil Code, the jurisdiction of the court as determined by the situation of the property, section 2 of title II of the Law of Civil Procedure, and article 1656 thereof, he proposed a preliminary examination of witnesses according to a list of interrogatories prepared by him; prayed the court to admit the complaint, and after taking the evidence to order the hearing to be held; that in due time the summary proceedings be sustained, his client directed to be reinstated in the possession of the land in question, and that Manuel Cividanes be adjudged to pay the costs and damages incurred and to restore the products, under such admonition as may be called for.

''The complaint as formulated having been admitted, by a decree issued on the day it was filed, the proposed preliminary inquiry was ordered to be made, for which purpose letters mandatory were addressed to the municipal judge of Guayama. At said inquiry the witnesses Arturo Cintrón Rivera, Natividad Cintrón Soto, Pedro Díaz Rodríguez and Guillermo Morales Lugo, all of legal age and residents of Guayama,—the first, second and fourth married, the third a widower, the first two, merchants, the second a property-owner, and the fourth, a tradesman,—upon being examined under oath testified as to their own knowledge of the facts set forth in the list of interrogatories:. (1) that it was true that Pedro Amorós, from the time he had acquired the estate 'Cayures' had been possessing, cultivating and exploiting the fruits and pasture of a palm-grove measuring from six to seven *cuerdas*, bounded on the north and west by the estate 'Reunion,' on the south by the maritime zone and *barrio* 'Mareas,' and on the east by the estate 'Mercedes;' (2) that the above described palm-grove had been formerly in the possession of Messrs. Amorós' Hermanos, from whom he derived his right, as it had in the same manner belonged to the latter's predecessor in interest. Severiano

pastos, habiéndose conocido siempre como parte integrante de la "Cayures" y teniendo con la "Mercedes" la misma guardarraya, cuyos puntos conocen y suponen existan aún. 3. Que en los primeros días de Diciembre del año pasado los jornaleros ó trabajadores de la repetida hacienda "Mercedes", por órden de Don Manuel Cividanes, que es allí quien todo lo dispone y presencia, levantaron una empalizada con la cual privó á la hacienda "Cayures" de más de una cuerda del palmar de que se trata, en parte sembrado por Don Mateo Amorós, socio gestor de Amorós Hermanos.

*Resultando*: que con el resultado de la información practicada se convocó á las partes para que el día 26 de Marzo último á las diez de la mañana comparecieran ante el Tribunal para celebrar el oportuno juicio verbal, y previa citación del demandado Don Manuel Cividanes tuvo efecto aquél en el día indicado con la concurrencia del letrado del actor, quien reprodujo la demanda solicitando que previa la prueba que propondría, se declarara con lugar el interdicto y del Licenciado Don Luciano Ortiz Antón en representación del demandado Don Manuel Cividanes, quien manifestó que su defendido estaba dispuesto á levantar la cerca que había puesto en los terrenos de la hacienda "Cayures" pero reservándose el derecho de reclamar contra el demandante Amorós, porque dicha cerca fué puesta con el consentimiento del mismo, negando que existiera el despojo y ofreciendo prueba para justificar los hechos alegados, ofreciendo el demandante como suya el plano de la hacienda "Cayures", una certificación de mensura de la misma, la de testigos y la de inspección ocular y el demandado propuso la testifical consistente el examen de los testigos Don Jesús María Banco, Tomás Cintrón Cordero, Santiago Cintrón Cordero, Justo Dávila Figueróa y Don Manuel Texidor.

*Resultando*: que declarada pertinente la prueba testifical y documental propuesta por ambas partes y habiendo reservado al Tribunal resolver sobre la pericial, fueron examinados los testigos del demandante Don Gregorio Ortiz Santiago, quien manifestó que en el tiempo que estuvo en la hacienda "Mercedes" había una empalizada entre dicha hacienda y la "Cayures" en la linea recta hasta el mar y lo demás quedaba de parte de la "Cayures", manifestando que hace dos años era mayordomo de Cividanes; Don Avelino Quirindongo y Cintrón, quien declaró que el palmar que existe entre la "Mercedes" y la "Cayures" siempre lo ha tenido como de la hacienda "Cayures";

Virella Cassagues and his father, all of whom had attended to its planting and cultivation and utilized its fruits and pasture, said palm-grove having always been known as forming an integral part of the estate 'Cayures' and being conterminous to the estate 'Mercedes,' the landmarks whereof they knew and supposed were still standing; (3) that during the first part of December of last year, the laborers of said estate 'Mercedes,' by order of Manuel Cividanes, who directs and inspects everything there, raised a fence by which the estate 'Cayures' was deprived of more than one *cuerda* of the palm-grove in question, planted in part by Mateo Amorós, managing partner of the firm of Amorós Hermanos.

"In view of the result of the inquiry had, the parties were summoned to appear before the court on March 26 last, at 10 a. m., for the purpose of holding the verbal hearing which, after citation of the defendant Manuel Cividanes, took place on the above-mentioned day, in the presence of counsel for plaintiff, who reproduced the complaint and prayed that, after taking the evidence he has to submit, the summary action to recover possession be sustained; and also of Attorney Luciano Ortiz Antón, on behalf of the defendant Manuel Cividanes, who declared that his client was ready to remove the fence, but reserving his right to make a claim against the plaintiff Amorós, inasmuch as said fence had been built with the latter's consent, denying that there had been any dispossession, and offering evidence to establish the fact alleged. The plaintiff proposed as evidence in support of his claim the plan of the estate 'Cayures,' a certificate of the survey thereof, the testimony of witnesses and ocular inspection; while the defendant offered oral evidence consisting of an examination of the witnesses José María Banc, Tomás Cintrón Cordero, Santiago Cintrón Cordero, Justo Dávila Figueroa and Manuel Texidor.

"The oral and documentary evidence proposed being declared pertinent, and the court reserving its decision as to that of expert testimony, the following witnesses for the plaintiff were examined: Gregorio Ortiz Santiago, who testified that during the time he had been on the estate 'Mercedes,' there was a fence between said estate and that of the 'Cayures' in a direct line as far as the sea, and the remainder formed part of the 'Cayures' estate, and stated that two years ago he was Cividanes' overseer; Avelino Quirindongo y Cintrón, who testified that the palm-grove standing between the estates 'Mercedes' and 'Cayures' had always been considered by him as belonging to the estate 'Cayures'; that it is now two months since he

que hace un par de meses que ha visto una cerca puesta en los terrenos de dicho palmar; que dicha cerca está colocada de sur á norte que no sabe si ha sido puesta ó no con la aquiescencia del representante de la "Cayures"; Don Juan Pablo Vega y Diaz, quien manifestó que el pedazo de terreno que se encuentra cercado entre la hacienda "Mercedes" y la "Cayures", lo ha tenido como propiedad de la "Cayures"; que el cierre ha sido puesto hace poco tiempo, que la parte que ocupa esa empalizada corresponde á la "Cayures" y que por una parte de dicha empalizada se puede pasar á la "Cayures"; Eustasio Cintrón, quien manifestó que el terreno del palmar pertenece á la "Cayures"; que un trozo del mismo ha quedado cerrado por una empalizada que ha puesto el Sr. Cividanes, quedando la misma de parte de la hacienda "Mercedes", y que el referido pedazo de terreno no está cercado todo pues hay un sitio por donde se puede entrar al mismo que es el paso á la hacienda "Reunión"; Concepción Ayala y Marcano que manifestó: que la hacienda "Cayures" cultivaba como suyo el terreno del palmar y que ha visto una empalizada que divide dichos terrenos de la hacienda "Mercedes," quedando los terrenos del palmar de parte de la "Mercedes", pudiendose entrar por dicha empalizada á la referida hacienda "Mercedes"; Guillermo Morales Lugo, que manifestó que el terreno de pastos que hay entre la "Mercedes" y "Cayures" pertenece á esta última; que ha visto una empalizada en esos terrenos que por consecuencia de la cerca, los terrenos quedan de parte de la "Mercedes" y que no ha recorrido esa cerca, pero que al pasar la ha visto de sur á norte; Pedro Diaz Ortiz, quien dijo que entre la "Cayures" y la "Mercedes" hay un terreno de pastos que hace muchos años lo conoce como de la "Cayures"; que ha visto una empalizada en dicho terreno quedando el mismo de parte de la "Mercedes" por consecuencia de esa empalizada; que desde el ciclón no ha pasado por esos terrenos y que desde lejos ha vistos un pedazo de cerca; Arturo Cintrón Rivera, que se produjo en el sentido de que ha visto siempre como de "Cayures" los terrenos de pastos de que se trata; que ha visto una cerca en dichos terrenos quedando éstos por consecuencia de la misma de parte de la hacienda "Mercedes" y que no ha recorrido dicha cerca; Natividad Cintrón y Soto, quien manifestó que entre la hacienda "Cayures" y la "Mercedes" hay un terreno sembrado de palmeras que siempre ha tenido como de la "Cayures"; que en esos terrenos hay puesta una cerca quedando los mismos de parte de la "Mercedes" y que no ha recorrido la cerca, habiéndola visto solo de lejos.

saw a fence on the lands of said palm-grove; that said fence runs from south to north, and he does not know whether or not it has been placed there with the consent of the person representing the 'Cayures' estate; Juan Pablo Vega y Díaz, who stated that the piece of land that has been fenced between the estates 'Mercedes' and 'Cayures' had been looked upon by him as the property of the estate 'Cayures;' that the enclosure was of recent date; that the portion occupied by said fence belongs to the 'Cayures' estate, and that through part of the fence access is had to the estate 'Cayures;' Eustasio Cintrón, who declared that the palm-grove land belongs to the 'Cayures' estate; that a portion of the latter has been cut off by a fence that was built by Cividanes, said portion being incorporated with the estate 'Mercedes,' the same not being wholly fenced in, for there is an open space giving access thereto, which is the pathway leading to the estate 'Reunion;' Concepción Ayala y Marcano, who testified that the estate 'Cayures' had been cultivating as its own the land on which stands the palm-grove, and that he had seen a fence dividing said land from the estate 'Mercedes,' the palm-grove land being now on the 'Mercedes' side, and through said fence there is an entrance to the estate 'Mercedes;' Guillermo Morales Lugo, who testified that the pasture-lands lying between 'Mercedes' estate and the 'Cayures' estate belong to the latter; that he has seen a fence on those lands; that as a result of this enclosure said lands are now on the 'Mercedes' side, and that he has not followed up said fence, but while passing by has noticed that it runs from south to north; Pedro Díaz Ortiz, who said that between the 'Cayures' and 'Mercedes' estates there is a tract of pasture-lands which he has known for many years as belonging to the 'Cayures' estate; that he has seen a fence on those lands, as a result of which they now lie on the 'Mercedes' side; that since the cyclone he has not been over those lands, and from a distance he had seen part of a fence; Arturo Cintrón Rivera, who testified to the effect that he had always looked upon the pasture lands in question as belonging to the estate 'Cayures;' that he has seen a fence on those lands whereby they were made to lie on the 'Mercedes' side, and that he had not examined said fence; Natividad Cintrón y Soto, who testified that between the estates 'Cayures' and 'Mercedes' there is a tract of land planted with palm-trees, which he has always considered as belonging to the estate 'Cayures;' that on said land a fence has been raised which joins it to the estate 'Mercedes;' that he has not followed up said fence and has only seen it from a distance

*Resultando* : que al elevar la prueba testifical propuesta por el demandado comparecieron los testigos Tomás Cintrón y Cordero, quien manifestó que por el mes de Diciembre, fué avisado para que en unión de dos peones más fuera á poner una empalizada en los terrenos de la hacienda "Mercedes" y la "Cayures" y habiendo comenzado á colocarla Don Miguel Alemani y dos mayordomos de la "Reunión" y "Cayures" les mandaron suspender el trabajo ; que al poco rato llegó Don Manuel Cividanes con dos de sus mayordomos y convino con el Sra. Alemani en suspender la colocación de la cerca, hasta que el agrimensor practicara el deslinde de las dos fincas y que si transcurrida una semana el deslinde no se había hecho, podrá Cividanes colocar la cerca que pretendía provisionalmente ; que transcurridas cerca de dos semanas el declarante y los otros dos peones colocaron dicha cerca, siendo vistos durante los días en que trabajaban por Don Miguel Alemani y los dos mayordomos de las haciendas "Reunión" y "Cayures", quienes nada dijeron en contra de la colocación de la cerca ; Justo Dávila y Figueroa, quien se produjo en los mismos términos que el anterior ; Don Jesús María Banc, mayordomo del Sr. Cividanes, que declaró lo mismo que los otros, habiéndose abstenido el Licenciado Sr. Zavaletas de repreguntar á los testigos de la parte contraria.

*Resultando* : que el Tribunal resolviendo acerca de la prueba de inspección ocular propuesta por el actor, acordó no admitirla por no ser de las que la ley establece en los interdictos, estimándola por otra parte innecesaria con vista del Artículo 340 de la ley ; que el letrado del actor protestó de la admisión de la prueba testifical propuesta por el demandado, practicada en el acto del juicio, después de lo cual informaron los defensores de las partes acerca de los derechos de éstas, solicitando el actor se declarara con lugar el interdicto y el demandado que se declarase sin lugar con las costas al actor, después de lo cual se dió por terminado el juicio para sentencia, señalándose para la votación del fallo el día cuatro del corriente, habiendo tenido lugar dicha votación el día expresado.

*Resultando* : que en la tramitación de este juicio se han observado las formalidades legales.

Siendo Ponente el Sr. Juez Asociado Don Charles Foote.

*Considerando* : que si bien de la información preliminar practicada resulta que el actor se vió inquietado en la posesión del terreno objeto de este litigio, tal hecho se hizo con el consentimiento de los represen-

"Upon taking up the oral evidence proposed by the defendant, the following witnesses appeared: Tomás Cintrón y Cordero, who testified that in December he was directed to build a fence, together with two other laborers, on land belonging to the estates 'Mercedes' and 'Cayures,' and after commencing the work he was ordered to suspend the same by Miguel Alemani and two overseers from the estates 'Reunión' and 'Cayures;' that shortly after there came along Manuel Cividanes, accompanied by two of his overseers, and it was agreed between him and Alemani that the building of the fence should be stopped until the surveyor had marked out the boundaries of both estates, and in case this had not been done in the course of one week, Cividanes could set up the fence as a temporary measure; that a fortnight having elapsed, deponent and two other laborers proceeded to build the fence, and during the day they were at work they were observed by Miguel Alemani and two overseers of the estates 'Reunión' and 'Cayures,' who said nothing against the building of such fence; Justo Dávila y Figueroa, whose testimony was the same as that of the preceding witness; Jesús María Banc, an overseer of Cividanes, who likewise testified to the same effect as the others. Attorney Zavaleta abstained from cross-examining the witnesses of the adverse party.

"The court, upon considering the proof of ocular inspection proposed by the plaintiff, decided not to admit the same, inasmuch as it was not of the class prescribed by the law in summary proceedings, and, on the other hand, held it to be necessary, in view of article 340 of the Law of Civil Procedure. Counsel for the plaintiff objected to the admission of the oral evidence proposed by the defendant and taken at the trial. Counsel for he parties then argued in support of their respective claims, plaintiff praying that the summary action be sustained, and defendant that it be dismissed, with costs against the plaintiff, after which the trial was brought to a close, the 4th instant being set for delivery of the judgment, which was voted on that day.

"In the conduct of this case all the legal formalities have been observed.

"Judge Charles Foote prepared the opinion of the court, as follows:

"Although from the preliminary inquiry had it appears that the plaintiff was disturbed in the possession of the lands constituting the subject-matter of this controversy, it was done with the consent of the

tantes del demandado, según la prueba ofrecida por éste y practicada en el acto del juicio oral.

*Considerando*: que ocurrido el hecho alegado por el actor bajo las circunstancias en que tuvo lugar, no puede estimarse como suficiente para apoyar en él el ejercicio de la acción de interdicto deducida por el actor, ya que no cabe la existencia de perturbación ó el despojo cuando el hecho que se afirma dió orígen á la misma, ha sido consentida por la parte reclamante.

*Considerando*: que las costas deben imponerse al litigante, cuyas pretensiones fueron totalmente desestimadas.

*Vistas* las disposiciones legales de pertinente aplicación.

*Fallamos*: que debemos declarar y declaramos no haber lugar al interdicto de recobrar la posesión de los terrenos expresados, instado por Don Pedro Amorós, á quien se condena al pago de las costas.

Publíque se esta sentencia y notifíquese á las partes.

Así definitivamente juzgando, lo pronunciamos, mandamos y firmamos: Salvador Fulladosa, José R. Aponte, Charles E. Foote''.

*Resultando*: que contra esta sentencia se interpuso por la representación del demandante Don Pedro Amorós recurso de apelación que le fué admitido libremente y en ambos efectos, y que elevados los autos á esta Superioridad con citación y emplazamiento de las partes y personadas éstas, se dió al recurso la tramitación correspondiente y se señaló día para la vista, á cuyo acto concurrieron los abogados defensores de las partes.

Abogados del apelante: *Sres. Zavaletas y Ramos (Juan)*.

Abogado del apelado: *Sr. Ortiz*.

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Considerando*: que con arreglo al Artículo 1654 de la Ley de Enjuiciamiento Civil la prueba en los interdictos de retener y recobrar la posesión, debe versar precisa y exclusivamente sobre los dos extremos á que se refiere el Artículo 1650 de la propia ley, es decir, sobre el hecho de estar el demandante en

representatives of the defendant (?), as shown by the evidence introduced at the oral trial by the latter.

"The fact alleged by the plaintiff having occurred under the circumstances mentioned, it cannot be considered sufficient as grounds upon which to base the summary action instituted by him, no disturbance or dispossession being possible when the act said to have given rise thereto was acquiesced in by the party claimant.

"Costs should be taxed against the litigant who loses his case on all points.

"In view of the legal provisions applicable in the premises, we adjudge that we should declare and do declare that the summary proceedings to recover possession of the aforesaid lands, instituted by Pedro Amorós, do not lie, and impose upon him the costs.

"This judgment is ordered to be published and notice thereof given to the parties. Thus, finally adjudging, do we pronounce, command and sign. Salvador Fulladosa, José A. Aponte, Charles E. Foote."

From this judgment counsel for the plaintiff, Pedro Amorós, took an appeal, which was allowed for a review and stay of proceedings, and the record having been forwarded to this Supreme Court, with citation of the parties, upon their appearance the case was conducted under the proper procedure and a day set for the hearing, at which counsel for both parties were present.

*Messrs. Zavaleta* and *Ramos (Juan R.)*, for appellant.

*Mr. Ortiz,* for respondent.

Mr. Chief Justice Quiñones, after making the above statement of facts, delivered the opinion of the court.

The findings of fact contained in the judgment appealed from are accepted.

According to article 1654 of the Law of Civil Procedure, in summary proceedings to retain or recover possession of property, the evidence should be clearly and exclusively confined to the two issues referred to in article 1650 of said law; that is to say, to the fact of the plaintiff's being in possession

la posesión ó en la tenencia de la cosa objeto del interdicto, y de haber sido inquietado ó perturbado en ella, ó despojado de dicha posesión ó tenencia, designando en todo caso el autor de la perturbación ó del despojo; y que examinada la prueba testifical producida por el actor en el acto del juicio verbal, todos los testigos se han limitado á declarar que el palmar de que se trata lo han considerado siempre como de la hacienda "Cayures", pero no concreta ni determinadamente como la ley lo requiere, que el demandante Don Pedro Amorós estuviera en la posesión ó en la tenencia de dicho palmar; de donde se deduce que la prueba practicada en el juicio, y ofrecida por el demandante, no acredita los dos extremos esenciales para que pueda estimarse con lugar el interdicto de despojo.

*Vistos* los Artículos 1649, 1650 y 1654 de la Ley de Enjuiciamiento Civil y las Secciones 63 y 72 de la Orden General No. 118 de 10 de Agosto de 1899.

*Fallamos*: que debemos confirmar y confirmamos la sentencia apelada, con las costas al apelante Don Pedro Amorós.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista en este caso.

or tenancy of the property constituting the subject-matter of the summary proceedings, and of his having been disturbed in or deprived of said possession or tenancy, indicating in every case the party guilty of such disturbance or dispossession; and upon examination of the oral evidence introduced by the plaintiff at the verbal hearing, it appears that all the witnesses have confined themselves to testifying that the palm-grove in question had always been considered by them as belonging to the estate "Cayures," without clearly and precisely stating, as required by the law, that the plaintiff, Pedro Amorós, had been in possession or tenancy of said palm-grove; whence it is to be inferred that the evidence introduced at the trial, and offered by the plaintiff, does not establish the two essential matters necessary for the admission of a summary action to recover possession.

In view of articles 1649, 1650 and 1654 of the Law of Civil Procedure, and sections 63 and 72 of General Order No. 118 of August 10, 1899, we adjudge that we should affirm and do affirm the judgment appealed from, with costs against the appellant Pedro Amorós.

Justices Hernández, Figueras, Sulzbacher and MacLeary concurred.